**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF PUERTO RICO**

ABDERRAMAN BRENES-LAROCHE

    Plaintiff,

        v.                            CIV. NO. 08-1815(PG)

PEDRO TOLEDO-DAVILA, ET AL.
    Defendants.

**OPINION AND ORDER**

      Plaintiff Abderraman Brenes-La Roche brought this action for damages against several supervisory and on-the-field officers of the Puerto Rico Police Department ("Defendants") under 42 U.S.C. § 1983 for constitutional violations of the Fourth Amendment allegedly stemming from the use of excessive force. Plaintiff also pleads supplementary claims under Puerto Rico law for assault and battery, false arrest, and restriction of liberty. Before the Court is Defendants' Motion to Dismiss (Docket No. 26) for failure to execute summons as required by FED. R. CIV. P. 4(m). For the reasons set forth below, the Court **GRANTS** the Motion to Dismiss.

## I. Background

**A. Factual Background**

    The Court draws the following facts from Plaintiff's Complaint and takes them as true for purposes of resolving Defendants' Motion to Dismiss.

    On or about August 4, 2007, Plaintiff attended a protest at a construction project known as Paseo Caribe as a "legal observer" assigned by the Colegio de Abogados de Puerto Rico. He accompanied a group of demonstrators, including his son, to the fourth floor of a parking building at the site, where they were met with about a dozen members of the Puerto Rico Police Department's San Juan Tactical Operations Unit ("SJTOU"). The officers closed off all means of egress from the fourth floor and announced that the demonstrators would have to leave but only by one of two means: either jumping from the fourth floor or running through a wall of baton-wielding police. Plaintiff and the demonstrators sat down on the floor whereupon the officers "immediately began to indiscriminately beat the seated demonstrators." (Compl. ¶ 28.)

    More specifically, defendant Merky Vazquez Santos ("Vazquez") hit Plaintiff's son with the metal tip of his baton; Plaintiff was jabbed in his mid-section with the metal tip of a baton belonging to either Vazquez or another officer whose name is yet unknown ("Doe"); and Plaintiff received a sharp blow on his right wrist from Doe while Vasquez and other officers hit and kicked him in various parts of his body. (Compl. ¶¶ 29-35.) Vasquez, Doe, and other officers, acting in concert, used physical force to confine him. Plaintiff continued to receive sharp blows as he left the building through an opening allowed by the officers. As a result of the physical injuries sustained, Plaintiff suffered an oblique bone fracture, bruises, and soft tissue swelling on his left wrist.

    Plaintiff also advanced claims against supervisory officers Pedro Toledo, Jose Caldero, Benjamin Rodriguez, Walter Rivera, and Eric Serrano (collectively,"supervisory officers"). Plaintiff alleges that the supervisory officers are also liable for their

CIV. NO. 08-1815 (PG)                                                      Page 3

participation in deploying SJTOU the day of the beatings while being aware of SJTOU's use of unlawful and excessive force.

Furthermore, Plaintiff states that the supervisory officers were aware of the SJTOU's custom, practice, and policy of removing their identification when using unlawful force, but failed to enforce regulations requiring police to display their identification when in uniform. Additionally, Plaintiff claims that Toledo, Caldero, Rodriguez, and Rivera failed to properly train and supervise their subordinates and to discipline them for using unlawful force to disperse demonstrators. These acts and omissions, Plaintiff believes, also proximately caused his injuries.

**B. Procedural Background**

The instant complaint was filed on July 24, 2008. Defendants filed their first motion to dismiss pursuant to Federal Rule of Civil Procedure 4(m) on December 4, 2008. (Docket No. 8). Said motion was denied on July 23, 2009, and the Puerto Rico Police Department was ordered to provide Plaintiff with information pertaining to the unknown defendant Doe. (Docket No. 18). Defendants then filed a Motion for Reconsideration on July 29, 2009, which was denied on August 19, 2009. Defendants again filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 4(m) on January 19, 2011. Plaintiff never responded to said motion. On February 17, 2011, Plaintiff was granted five days to respond to Defendants' Motion to Dismiss. Plaintiff again failed to respond.

Defendants also filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 4, 2008. Said motion was granted in part and denied in part. More specifically, Plaintiff's section 1983 claims pursuant to the Fifth and Fourteenth Amendments for substantive due process violations were dismissed without prejudice. Plaintiff's section 1983 claim of unlawful detention pursuant to the Fourth Amendment was also dismissed without prejudice. However, Plaintiff's section 1983 claim of excessive force pursuant to the Fourth Amendment, Plaintiff's supervisory liability claims and Plaintiff's Puerto Rico constitutional and state-law claims remained.

CIV. NO. 08-1815 (PG)                                                    Page 4

## II. Standard of Review

**A. Rule 12(b)(4) and 12(b)(5)**

Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) allow a party to assert a defense of insufficient process or insufficient service of process. These defenses may be waived if not timely asserted. Williams v. Jones, 11 F.3d 247, 251 (1st Cir. 1993)(citing Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 996 (1st Cir.1983). "A party filing a motion under Rule 12(b)(4) or Rule 12(b)(5) is essentially contesting the manner in which process or service of process was performed. Therefore, the Court refers to the rules governing service of process." Boateng v. Inter-American Univ. of P.R., 188 F.R.D. 26, 27 (D.P.R. 1999).

Federal Rule of Civil Procedure 4(m) states "[i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against the defendant or order that service be made within a specified time."

Rule 4(m) further states "... if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "It is appellant's burden to demonstrate the requisite cause." De-La-Cruz-Arroyo v. Commissioner of Social Sec., No. 97-2378, 1998 WL 1285621 (1st Cir. 1998) (citing United States v. Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988). Additionally, inadvertence is insufficient to require a district court to grant an extension. Id.

## III. Discussion

A study of the procedural background in the instant case reveals that Plaintiff has had ample time to discover the name of defendant Doe and serve him with process. Furthermore, Plaintiff failed to comply with this Court's Order to respond to the Motion to Dismiss by February 23, 2011. (Docket No. 35)

Plaintiff had previously stated that he was unable to serve

CIV. NO. 08-1815 (PG)                                                    Page 5

process on the unknown defendant because he was unaware of his name. Plaintiff has had in his possession the names of the police officers that went to fourth floor of Paseo Caribe parking garage on the day of the events alleged in the complaint since March 2009. In light of these factors, as well as the fact that these proceedings were commenced on July 24, 2008, the Court finds no reason to deny Defendants' Motion to Dismiss.

As a result, the Court **GRANTS** Defendants' request for dismissal of the suit against the unknown defendants.

## IV. CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendants' Motion to Dismiss. Plaintiff's suit against the unknown defendants is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, May 17, 2011.

                                        S/ JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. DISTRICT JUDGE.